IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| JUAN FRANCISCO VALLEJO TREVINO, | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| v. | § | |
| | § | |
| | § | |
| ALEX SANCHEZ, WARDEN OF THE IAH | § | |
| SECURE ADULT DETENTION FACILITY; | § | |
| BRET BRADORD, FIELD OFFICE | § | |
| DIRECTOR OF ICE ENFORCEMENT AND | § | CIVIL ACTION NO. 9:26-CV-00327 |
| REMOVAL OPERATIONS HOUSTON | § | JUDGE MICHAEL J. TRUNCALE |
| FIELD OFFICE; MARKWAYNE MULLIN, | § | |
| SECRETARY OF THE DEPARTMENT OF | § | |
| HOMELAND SECURITY; TODD | § | |
| BLANCHE, ACTING ATTORNEY | § | |
| GENERAL OF THE UNITED STATES; IN | § | |
| THEIR OFFICIAL CAPACITIES, | § | |
| | § | |
| *Respondents*. | § | |

## ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

Before the Court is Petitioner Juan Francisco Vallejo Trevino ("Vallejo Trevino")'s Petition for Writ of Habeas Corpus (the "Petition") [Dkt. 1]. For the following reasons, the Petition is **DENIED**.

### I. BACKGROUND

Petitioner Juan Francisco Vallejo Trevino is a foreign national. On April 28, 2026, United States Immigration and Customs Enforcement ("ICE") detained Vallejo Trevino. [Dkt. 1 at ¶ 8].

On May 1, 2026, Vallejo Trevino brought a habeas corpus petition, claiming that his detention violates the Fifth Amendment to the United States Constitution and the Equal Protection Clause. [Dkt. 1].

1

## II. LEGAL STANDARD

Habeas petitions under 28 U.S.C. § 2241 serve the "sole function" of challenging the legal basis for the petitioner's detention. *Pierre v. U.S.*, 525 F.2d 933, 935–36 (5th Cir. 1976). Section 2241 entitles five classes of prisoners to habeas relief, including prisoners held "in violation of the Constitution or laws, or treaties of the United States." 28 U.S.C. § 2241(c)(3). In a habeas proceeding, the petitioner bears the burden of proof and must demonstrate by a preponderance of the evidence that he is being held unlawfully. *Villanueva v. Tate*, No. H-25-3364, 2025 WL 2774610 at *4 (S.D. Tex. Sep. 26, 2025).

## III. DISCUSSION

### A.  Due Process

Vallejo Trevino filed a claim alleging a violation of the Fifth Amendment's due process clause because of his prolonged detention. *Zadvydas v. Davis* provides that aliens pending removal pursuant to 8 U.S.C. § 1231 cannot be detained indefinitely. 533 U.S. 678, 699 (2001). "[O]nce removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Id*. Courts "must ask whether the detention in question exceeds a period reasonably necessary to secure removal," considering "the greater immigration-related expertise of the Executive Branch," "the serious administrative needs and concerns inherent in the necessarily extensive INS efforts to enforce this complex statute," and "the Nation's need to 'speak with one voice' in immigration matters." *Id*. at 700. As guidance, the Supreme Court assumed a "presumptively reasonable period of detention" of six months. *Id*. at 700–01. After this six-month period has elapsed, the alien has the burden of demonstrating "good reason to believe that there is no significant likelihood of removal in the reasonably near future." *Id*. at 701. Because this six-month period has not yet elapsed, Vallejo Trevino cannot carry his burden.

Vallejo Trevino also argues that the Government violated procedural due process by failing to provide him with a bond hearing before an immigration judge. Even if Vallejo Trevino were correct, he still would not be entitled to habeas relief. *See Carson v. Johnson*, 112 F.3d 818, 820–21 (5th Cir. 1997) (Smith, J.). Vallejo Trevino's due-process argument is not based on the illegality of his confinement itself, but on the illegality of the Government's failure to provide a bond hearing. Vallejo Trevino's unlawful entry and continued unlawful presence in the United States are undisputedly valid reasons for confining him during removal proceedings. See 8 U.S.C. §§ 1182(a)(6)(A)(1), 1227(a)(1)(A). Accordingly, Vallejo Trevino's due-process claim is ill-suited for a habeas proceeding, which is "not available to review questions unrelated to the *cause of detention*." *See Pierre v. United States*, 525 F.2d 933, 935 (5th Cir. 1976) (emphasis added). Due-process challenges to procedures like bond hearings, which "affect[] the timing of [a prisoner's] release from custody," must normally be brought via a civil-rights action, not a habeas proceeding. *See Carson*, 112 F.3d at 820–21. A habeas petition is the proper device for raising such a challenge only when the challenged procedure would result in the petitioner's automatic release from custody if adequately performed. *See id*.

Here, a properly conducted bond hearing would not invariably result in Vallejo Trevino's being granted bond. *See* 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1). Even if an alien receives a bond hearing, the presiding immigration judge may order the alien's continued detention. *Id*. §§ 236.1(d)(1), 1236.1(d)(1). Because a bond hearing would not have guaranteed Vallejo Trevino's release from custody, his failure to receive one does not entitle him to habeas relief. *See Carson*, 112 F.3d at 820–21. If a violation of federal law occurred, it was not by way of Vallejo Trevino's detention, but the Government's failure to provide him with a bond hearing once he was already detained. *See* 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1). Accordingly, a habeas proceeding is not the

3

proper arena for Vallejo Trevino to raise a due process challenge to the Government's failure to afford him a bond hearing. *See Carson*, 112 F.3d at 820–21.

### B. Equal Protection

Vallejo Trevino also argues that 8 U.S.C. § 1225's mandatory-detention scheme violates equal protection. This argument fails on the merits. According to Vallejo Trevino, section 1225 arbitrarily discriminates against illegal-entrant aliens by mandating detention for them, but not for aliens who enter the United States legally and stay longer than permitted. However, not all discrimination violates equal protection—only discrimination between "similarly situated" persons. *See Hines v. Quillivan*, 982 F.3d 266, 272 (5th Cir. 2020). Aliens who enter the United States without inspection are not similarly situated to aliens who enter the country legally but unlawfully remain in the country past a certain date. Aliens seeking entry visas must undergo rigorous screening and may be denied permission to enter if deemed a security risk. *See*, e.g., 8 U.S.C. § 1202(b). Of course, aliens who illegally enter the United States undergo no such vetting process. Accordingly, requiring pre-removal detention for illegal entrants, but not aliens who remain in the United States after their entry documents expire, does not violate equal protection. *See Hines*, 982 F.3d at 272.

### IV. CONCLUSION

It is therefore **ORDERED** that Vallejo Trevino's Petition for Writ of Habeas Corpus [Dkt. 1] is hereby **DENIED**. All pending motions are hereby **DENIED AS MOOT**. This constitutes a **FINAL JUDGMENT** and the Clerk is **INSTRUCTED** to close this matter.

**SIGNED this 21st day of May, 2026.**

Michael J. Truncale
United States District Judge

4